T.C. Summary Opinion 2001-169


UNITED STATES TAX COURT


RICHARD P. KRINGEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 264-01S.                    Filed October 24, 2001.


Richard P. Kringen, pro se.

Dennis R. Onnen, for respondent.


CARLUZZO, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed. Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined deficiencies in, and additions to petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | | |
| --- | --- | --- | --- | --- |
| | | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) |
| 1990 | $4,439 | $1,109.75 | --- | $290.62 |
| 1993 | 8,361 | 2,090.25 | --- | 350.31 |
| 1994 | 3,897 | 974.25 | --- | 202.21 |
| 1995 | 4,221 | 1,055.25 | --- | 228.86 |
| 1996 | 4,446 | 1,000.35 | $844.74 | 236.64 |
| 1997 | 4,238 | 953.55 | 550.94 | 226.71 |
| 1998 | 4,161 | 871.65 | 271.18 | 175.84 |

In respondent's answer, increased deficiencies are claimed as follows: (1) $82 and $420, for 1990 and 1993, respectively, to reflect petitioner's correct filing status;[1] and (2) amounts that accrued after June 15, 2000, with respect to the additions to tax under section 6651(a)(2) for 1996, 1997, and 1998.

After concessions, the issues for decision are: (1) Whether petitioner is entitled to any deductions for trade or business expenses; and (2) whether petitioner is liable for additions to tax under sections 6651(a)(1) and 6654 for the years in issue, and under section 6651(a)(2) for 1996, 1997, and 1998.

Background

Some of the facts have been stipulated and are so found.

---

[1] In the notice of deficiency, respondent determined deficiencies for 1990 and 1993 based on a filing status of single; however, the parties stipulated that petitioner's correct filing status for those years is married, filing separate.

At the time that the petition was filed, petitioner resided in Topeka, Kansas.

At various times from 1990 through 1998, petitioner worked as a salesperson, sometimes as an independent contractor and sometimes as an employee, for no fewer than 10 to 15 companies. He sold various products or services, such as insurance, tax services, living trusts, precious coins, travel-related products, and food products. Some of the companies reported compensation paid to him as follows:

| Company | Year | Amount | Form |
|---|---|---|---|
| Sell America, Inc. | 1990 | $13,500 | 1099 |
| The Lazarus Group, Inc. | 1993 | 10,690 | 1099 |
| A.I.A., Inc. | 1993 | 712 | 1099 |
| Freedom Life Ins. Co. | 1995 | 86 | 1099 |
| Loyal American Life Ins. | 1997 | 1,367 | 1099 |
| Direct Entertainment Service | 1997 | 841 | 1099 |
| Renaissance | 1998 | 6,500 | W-2 |

During the years in issue, petitioner also worked as a farm laborer. For 1993, the owner of the farm issued a Form 1099 to petitioner indicating that petitioner was paid $3,000 that year.

On a loan application dated February 24, 1995, petitioner represented that his gross income was $1,000 per week. On another loan application dated November 29, 1995, petitioner represented that his income from farming was $20,000 per year. Petitioner signed both applications under penalties of perjury.

In a statement filed in a bankruptcy proceeding petitioner initiated in August 1998, petitioner indicated that he and his

wife had total projected monthly income of $4,354 and total projected monthly expenses of $4,200. Petitioner signed the statement of his projected monthly income and expenses under penalties of perjury.

Petitioner did not file a Federal income tax return for any year in issue. Except for $287 of Federal income tax withheld from the compensation he received as an employee of Renaissance in 1998, there were no Federal income tax withholdings or estimated Federal income tax payments made by petitioner during any of the years in issue.

Relying upon various indirect methods of determining income that take into account information received from third parties and the schedule of income and expenses filed in the bankruptcy proceeding, respondent, in the notice of deficiency, computed petitioner's gross income for each year in issue as follows:

| Year | Income |
|------|--------|
| 1990 | $18,648 |
| 1993 | 36,168 |
| 1994 | 21,924 |
| 1995 | 22,680 |
| 1996 | 23,688 |
| 1997 | 24,444 |
| 1998 | 18,700 |

With the exception of the compensation that petitioner received from Renaissance in 1998, respondent determined that all other items of gross income for each year in issue constitute net

earnings from self-employment subject to the tax imposed on such income pursuant to section 1401.

Petitioner's 1990 taxable income was computed by allowing a personal exemption deduction, a deduction attributable to the imposition of the self-employment tax, and the standard deduction applicable to a single individual. For all other years in issue, petitioner's taxable income was computed by allowing a personal exemption deduction, a deduction attributable to the imposition of the self-employment tax, and itemized deductions. Respondent further imposed additions to tax under sections 6651(a)(1) (failure to file returns timely) and 6654(a) (underpayment of estimated tax) for all the years in issue, and under section 6651(a)(2) (failure to pay taxes timely) for the years 1996, 1997, and 1998.

Discussion

In the petition, petitioner alleged that respondent erred in the determinations made for each year because each determination was based "on no facts". At trial, however, petitioner did not dispute the amount of gross income attributed to him for each year in the notice of deficiency. He testified that those amounts "would probably be close to what I earned" and, to the extent that the income represented "gross salaries", the amounts "would probably be correct". Instead, he claimed that he should have been allowed deductions for trade or business expenses

incurred in connection with the income.  Consequently, we proceed as though petitioner conceded the correctness of the adjustments contained in the notice of deficiency and consider his claim for additional deductions.

According to petitioner, he "had a huge amount of business expenses * * * because * * * [he] was a commissioned salesperson".  Petitioner further testified that these expenses would offset the income attributed to him in the notice of deficiency.

Petitioner was engaged in one or more trades or businesses during each of the years in issue.  In general, a taxpayer is entitled to a deduction for all ordinary and necessary expenses paid or incurred in carrying on the taxpayer's trade or business.  Sec. 162(a).  Entitlement to a deduction presupposes that the taxpayer can substantiate by adequate books and records the amount of the deduction claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner's business records were not made available to the Court.  Petitioner claims that his records for the years 1990 through 1996 were confiscated by a storage company because he failed to pay the required storage fees; he claims his records for 1997 and 1998 are in the possession of an accountant who will not return the records until petitioner pays the accountant for services rendered.

Except for expenses subject to section 274(d), if books and records are not available to substantiate business expense deductions, the Court may estimate the amount of deductions to which a taxpayer is entitled, Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), if there is a sufficient factual basis in the record that allows us to do so, Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Here, there is no factual basis in the record on which an estimate can be made.  Petitioner made no attempt to reconstruct the business records that he claims are now unavailable to him.  Instead, he makes only a broad assertion that he is entitled to business expense deductions for each year in issue.  On the basis of the record before us, we are not satisfied that petitioner has established his entitlement to any deduction not already allowed by respondent in the notice of deficiency.  Therefore, petitioner is not entitled to any trade or business expense deductions for any of the years in issue. The deficiencies for the years in issue, including respondent's claim for increased deficiencies for the years 1990 and 1993, are therefore sustained.

Respondent also determined that petitioner is liable for additions to tax for:  (1) Failure to file tax returns under section 6651(a)(1); (2) failure to make timely payment of taxes under section 6651(a)(2); and (3) failure by an individual to pay estimated income tax in accordance with section 6654.

Section 6651(a)(1) provides for an addition to tax of 5 percent of the tax required to be shown on the return for each month or fraction thereof for which there is a failure to file, not to exceed 25 percent.  Section 6651(a)(2) provides for an addition to tax of .5 percent per month up to 25 percent for failure to pay the amount shown or required to be shown on a return.  A taxpayer may be subject to both paragraphs (1) and (2), in which case the amount of the addition to tax under section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) for any month to which an addition to tax applies under both paragraphs (1) and (2).  The combined amounts under paragraph (1) and paragraph (2) cannot exceed 5 percent per month.  Sec. 6651(c)(1).

The additions to tax under section 6651(a)(1) and (2) are applicable unless the taxpayer establishes that:  (1) The failure to file and/or pay did not result from willful neglect, and (2) the failure to file and/or pay was due to reasonable cause. United States v. Boyle, 469 U.S. 241, 245 (1985); Heman v. Commissioner, 32 T.C. 479 (1959), affd. 283 F.2d 227 (8th Cir. 1960).

Although required to do so, petitioner did not file a Federal income tax return for any of the years in issue.  Other than his generalized assertions that respondent's determinations are erroneous, petitioner makes no claim that his failure to

file and pay for each year in issue was due to reasonable cause and not due to willful neglect.  Accordingly, we sustain the determinations of respondent with respect to the section 6651(a)(1) and (2) additions to tax.  We further sustain respondent's assertion of increased deficiencies under section 6651(a)(2) for the years 1996, 1997, and 1998.  Lopez v. Commissioner, T.C. Memo. 2001-93.

Subject to exceptions that do not apply in this case, section 6654(a) provides for an addition to tax "in the case of any underpayment of estimated tax by an individual".  Although required to do so, petitioner made no estimated tax payments during any year in issue.  Therefore, respondent's imposition of the addition to tax under section 6654(a) for each year in issue is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.